IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, 1101 K St., NW, Suite 201 Washington, DC 20005, <br><br> NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, 2201 Wisconsin Ave., NW, Suite 200 Washington, DC 20007, <br><br> PROJECT SOUTH, 9 Gammon Ave., SE Atlanta, GA 30315, <br><br>         Plaintiffs, <br><br>         v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, 500 12th St., SW Washington, DC 20536, <br><br>         Defendant. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs Citizens for Responsibility and Ethics in Washington ("CREW"), the National Immigration Project of the National Lawyers Guild ("NIPNLG"), and Project South seek records from Defendant U.S. Immigration and Customs Enforcement ("ICE") relating to claims of non-consensual medical procedures performed on individuals in ICE custody, including gynecological procedures that could result in sterilization or diminished fertility.

2. Plaintiffs' FOIA requests stem from revelations made in a whistleblower complaint filed by Project South and other groups, detailing accounts of unwanted hysterectomies and other egregious medical abuse at ICE's Irwin County Detention Center ("ICDC") in Ocilla, Georgia.  Plaintiffs seek records shedding light on these and similar abuses at ICE detention centers, as well as ICE's relevant policies and procedures (or lack thereof).

3. Plaintiffs seek declaratory relief that ICE is in violation of FOIA, and injunctive relief requiring ICE to immediately process and release the requested records.

## Jurisdiction and Venue

4. This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).  The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

6. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code.  CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies.  CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions.  To advance its mission, CREW uses a combination of research, litigation, and advocacy.  As part of its research, CREW uses government records made available to it under the FOIA.

7. Plaintiff NIPNLG is a national non-profit that provides technical and litigation support to immigrant communities, legal practitioners, and advocates seeking to advance the

rights of noncitizens. NIPNLG provides training to the bar and the bench on immigration consequences of criminal conduct and is the author of four treatises on immigration law published by Thomson Reuters. In addition, NIPNLG staff present and regularly publish practice advisories on immigration law topics, which are disseminated to its members as well as to a large public audience through its website. NIPNLG also regularly publishes FOIA disclosures to the media and the public through its website.

8. Plaintiff Project South is a social justice organization based in Atlanta, Georgia. Project South works with grassroots organizations and directly-impacted communities in the U.S. South. Project South has been documenting conditions in immigration detention centers and published several human rights reports. Project South has also engaged in impact litigation as well as advocacy with the United Nations and the Inter-American Commission.

9. Defendant ICE is an agency within the meaning of 5 U.S.C. § 552(f). ICE has possession, custody, and control of records responsive to Plaintiffs' FOIA requests.

## Factual Background

10. In a whistleblower complaint filed by Project South and other groups on September 14, 2020, a nurse at ICDC, Dawn Wooten, provided horrific accounts of a doctor performing invasive medical procedures without consent on women detained at ICDC, as well as other instances of serious medical abuse at the facility.[1]

11. The complaint sparked immediate outcry from members of Congress, immigrant and civil rights advocates, and the public.

---

[1] *See* Letter from Project South to Dept. of Homeland Security Inspector General, Sept. 14, 2020, https://projectsouth.org/wp-content/uploads/2020/09/OIG-ICDC-Complaint-1.pdf.

12. On September 15, 2020, 173 members of Congress sent a letter to the Department of Homeland Security Inspector General demanding an investigation into possible forced sterilization practices at ICDC.[2]

13. On September 16, 2020, Rep. Pramila Jayapal released new details about "forced unnecessary medical procedures—including hysterectomies—being performed on at least 17 immigrant women" at ICDC.[3]

14. Subsequent press reports linked these claims to Dr. Mahendra Amin, an OB-GYN based in Douglas, Georgia.[4]

15. On October 22, 2020, the *Los Angeles Times* revealed that a "new report . . . written by a team of nine board-certified OB-GYNs and two nursing experts" found that "[a]t least 19 women" detained at ICDC claimed that Dr. Amin had "performed, or pressured them to undergo, 'overly aggressive' or 'medically unnecessary' surgery without their consent, including procedures that affect their ability to have children."[5]

16. These reports raise grave concerns about violations of bodily autonomy and reproductive rights of people detained in ICE custody, harkening back to the dark and shameful history of forced sterilization in the United States.

---

[2] Letter from Rep. Pramila Jayapal et al. to Dept. of Homeland Security Inspector General, Sept. 15, 2020, https://bit.ly/35Lkypq.
[3] Rep. Pramila Jayapal, Statement of September 16, 2020, https://bit.ly/33NzssH.
[4] Nomaan Merchant, More migrant women say they didn't OK surgery in detention, *Associated Press*, Sept. 18, 2020, https://apnews.com/article/georgia-archive-only-on-ap-immigration-f2008d23c5f9087f4214d9722dfb097e; Caitlin Dickerson, Immigrants Say They Were Pressured Into Unneeded Surgeries, *N.Y. Times*, Sept. 29, 2020, https://www.nytimes.com/2020/09/29/us/ice-hysterectomies-surgeries-georgia.html.
[5] Molly O'Toole, 19 women allege medical abuse in Georgia immigration detention, *L.A. Times*, Oct. 22, 2020, https://www.latimes.com/politics/story/2020-10-22/women-allege-medical-abuse-georgia-immigration-detention.

*CREW's FOIA Request*

17.   By email dated September 21, 2020, CREW submitted a FOIA request to ICE seeking the following:

1. All records from January 1, 2017 to the date this request is processed reflecting any complaints, grievances, requests for investigation, incident reports, referrals, allegations, tips, findings, or observations that any immigrant detained at Irwin County Detention Center ("ICDC") was subjected to a medical procedure involuntarily, unknowingly, unnecessarily, without informed consent, or under any other circumstances where the immigrant did not fully comprehend the nature of the procedure prior to it being performed.

    This request includes without limitation any such records submitted to, or documented in, the following:
    a. Office of Professional Responsibility
    b. Office of Detention Oversight ("ODO")
    c. Enforcement and Removal Operations ("ERO")
    d. ERO Atlanta Field Office and Atlanta Field Office Director
    e. ERO Detention Reporting and Information Line
    f. Health Service Corps
    g. Joint Intake Center
    h. Significant Incident Reports
    i. Significant Event Notification System
    j. Detention Monitoring Reports prepared by Nakamoto Group, Inc., ODO, or Detention Service Managers

2. All records mentioning, referring, or relating to Dr. Mahendra Amin, including without limitation the following:
    a. All records relating to medical procedures or services performed by Dr. Amin on any immigrant detained at ICDC
    b. All complaints, grievances, requests for investigation, incident reports, referrals, allegations, or tips relating to Dr. Amin
    c. All communications between ICE and Dr. Amin or his staff
    d. All communications between ICE and ICDC or LaSalle Corrections relating to Dr. Amin

3. All records relating to obstetrical and gynecological medical procedures performed on any immigrant detained at ICDC, including without limitation:
    a. All records reflecting any complaints, grievances, requests for investigation, incident reports, referrals, allegations, or tips relating to such procedures
    b. All records reflecting requests for approval to perform such procedures and any approval or denial thereof

    c. All records reflecting requests to pay, reimburse, or otherwise make expenditures to cover the costs of performing such procedures and any approval or denial thereof

    d. Records sufficient to show the total amount of government funds expended on such procedures, and the recipients of those funds

4. All Detention Monitoring Reports from January 1, 2019 to the date this request is processed concerning ICDC, including without limitation any such reports prepared by Nakamoto Group, Inc., Detention Service Managers, ODO, or any other entity.

5. All records reflecting policies, procedures, protocols, guidelines, or directives relating to securing the consent of immigrants detained at ICDC to perform medical procedures, including without limitation obstetrical and gynecological procedures that could result in sterilization.

6. All records reflecting policies, procedures, protocols, guidelines, or directives regarding the use of translation services to non-English-speaking immigrants detained at ICDC for purposes of securing consent to perform medical procedures, including without limitation obstetrical and gynecological procedures that could result in sterilization.

7. All records reflecting policies, procedures, protocols, guidelines, or directives by which obstetrical and gynecological medical procedures are determined to be medically necessary or appropriate for immigrants detained at ICDC.

8. All records reflecting policies, procedures, protocols, guidelines, or criteria for identifying and selecting contractors to provide obstetrical and gynecological medical care to immigrants detained at ICDC, including without limitation any background check, audit, or verification procedures utilized in identifying and selecting such contractors.

18. CREW's request sought a fee waiver.

19. To date, ICE has not responded to, or issued any determination on, CREW's FOIA request.

20. Because ICE has failed to timely respond to CREW's FOIA request, CREW has constructively exhausted its administrative remedies.

***NIPNLG's and Project South's FOIA Request***

21. On September 21, 2020, NIPNLG and Project South submitted a FOIA request to ICE by email and regular mail, seeking the following:

any and all records prepared, received, transmitted, collected and/or maintained by U.S. Immigration and Customs Enforcement (ICE) which describe, refer or relate to policies, guidelines, or procedures regarding gynecological procedures performed on individuals in ICE custody, including but not limited to, hysterectomies, oophorectomies, salpingo-oophorectomies, or the administration of drugs that may induce infertility.

The above records include, but are not limited to:

1. Records relevant to ICE protocols or decision-making pertaining to gynecological procedures for individuals in ICE custody.

2. Records explaining the protocol or guidelines authorizing gynecological procedures that may result in sterilization or diminished fertility for individuals in ICE custody.

3. Records pertaining to informed consent protocols for individuals in ICE custody who undergo gynecological procedures.

4. Any other records related to gynecological procedures on individuals in ICE custody, including, but not limited to directives, policies, protocols, communications, reports, emails, letters, and trainings.

5. Records related to any gynecological procedure conducted on any individual in ICE custody, with identifying information redacted, including communications between ICE employees and contractors, and employees of third-party contractors at immigration detention facilities, including, but not limited to authorization forms, medical billing, reimbursement forms, and medical reports.

6. Records related to any complaint filed with the Office of Inspector General pertaining to gynecological procedures on individuals in ICE custody.

7. Records pertaining to the provision of gynecological procedures by Dr. Mahendra Amin.

8. Records pertaining to the provision of gynecological procedures on any individual detained at any of the facilities listed in Attachment A.

The time period for this search is from January 1, 2018 to the present, and includes records existing at the time of your response to this request as well as records existing at the time of any supplemental response that you provided.

22. NIPNLG and Project South sought a fee waiver and expedited processing.

23. To date, ICE has not responded to, or issued any determination on, NIPNLG's

and Project South's FOIA request.

7

24. Because ICE has failed to timely respond to NIPNLG's and Project South's FOIA request, NIPNLG and Project South have constructively exhausted their administrative remedies.

### Plaintiffs' Claims for Relief

### COUNT I
### (Wrongful Withholding of Records Responsive to CREW's FOIA Request)

25. Plaintiffs repeat and re-allege the foregoing paragraphs.

26. In its September 21, 2020 FOIA request, CREW properly asked for records within the possession, custody, and control of ICE.

27. ICE has failed to conduct an adequate search in response to CREW's FOIA request.

28. ICE is wrongfully withholding records responsive to CREW's FOIA request.

29. By failing to timely release all requested records in full to CREW, ICE is in violation of FOIA.

30. CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

### COUNT II
### (Wrongful Withholding of Records Responsive to NIPNLG's and Project South's FOIA Request)

31. Plaintiffs repeat and re-allege the foregoing paragraphs.

32. In their September 21, 2020 FOIA request, NIPNLG and Project South properly asked for records within the possession, custody, and control of ICE.

33. ICE has failed to conduct an adequate search in response to NIPNLG's and Project South's FOIA request.

34. ICE is wrongfully withholding records responsive to NIPNLG's and Project South's FOIA request.

35. By failing to timely release all requested records in full to NIPNLG and Project South, ICE is in violation of FOIA.

36. NIPNLG and Project South are therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

## Requested Relief

WHEREFORE, Plaintiffs respectfully requests that this Court:

1. Order ICE to immediately and fully process Plaintiffs' FOIA requests and disclose all non-exempt records to Plaintiffs;

2. Issue a declaration that Plaintiffs are entitled to immediate processing and disclosure of the requested records;

3. Provide for expeditious proceedings in this action;

4. Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

5. Award Plaintiffs their costs and reasonable attorneys' fees in this action; and

6. Grant such other relief as the Court may deem just and proper.

Date: October 29, 2020

Respectfully Submitted,

*/s/ Nikhel Sus*
Nikhel S. Sus
(D.C. Bar No. 1017937)
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
1101 K St. NW, Suite 201
Washington, D.C. 20005
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org

*Counsel for Plaintiff Citizens for Responsibility and Ethics in Washington*

Sirine Shebaya (D.C. Bar No. 1019748)
Khaled Alrabe*
**National Immigration Project of the
National Lawyers Guild (NIPNLG)**
2201 Wisconsin Ave NW, Suite 200
Washington, DC 20007
Tel: (202) 656-4788
sirine@nipnlg.org
khaled@nipnlg.org

*Pro hac vice motion forthcoming

*Counsel for Plaintiff NIPNLG*

Azadeh Shahshahani*
Priyanka Bhatt*
Project South
9 Gammon Ave SE
Atlanta, Georgia 30315
Tel: (404) 622-0602
azadeh@projectsouth.org
priyanka@projectsouth.org

*Pro hac vice motions forthcoming

*Counsel for Plaintiff Project South*

10